IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION

| | |
|---|---|
| BRANDON HENDERSON,<br><br>PLAINTIFF,<br><br>vs.<br><br>I.C. SYSTEM, INC.<br>DEFENDANT. | Civil Action No.<br><br>COMPLAINT and DEMAND FOR JURY TRIAL |

NOW COMES the Plaintiff, Brandon Henderson ("Plaintiff" or "Henderson") by and through his attorney, L. Ashley Zubal, and for his Complaint against the Defendant, I.C. System, Inc. (hereinafter "Defendant" or "I.C. System"), alleges as follows:

## I.   INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.   JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III.   PARTIES

3. Plaintiff, Brandon Henderson, is a natural person residing in Des Moines, Iowa.

4. Defendant, I.C. System, Inc. is a business engaged in the collection of debts owed to another in the state of Iowa.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

6. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

7. At some point in time, the Plaintiff incurred a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3), to Bank of America, which was used for personal, family, or household use.

8. Sometime thereafter, the debt was sold, assigned, or otherwise transferred to the Defendant for collection.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## IV.   FACTUAL ALLEGATIONS

10. On or about October 11, 2010, the Plaintiff received a call from one of the Defendant's representatives, a female, about 10:00 a.m. at Plaintiff's place of employment. The representative requested to speak with Mr. Henderson. Henderson verified that he was on the phone. The representative stated the call was from I.C. System and requested Henderson verify his address. Henderson asked what the call was regarding. The representative refused to give out any information until Henderson verified his address. Henderson refused to verify his address until he knew what the call was in regard to. Henderson further stated that he was not able to receive calls at work and again requested why the representative was calling. The representative stated that Henderson was refusing to verify his address. Henderson hung up the phone.

11. On or about October 13, 2010, the Plaintiff again received a call from a representative of the Defendant at his place of employment. The representative stated he was calling from I.C. System and requested Henderson verify his address. Henderson asked what the call was in regard to. The representative refused to state what the call was in regard to. Henderson stated that this was the second time he had told I.C. System he could not receive calls at work and asked why the representative was hassling him? The representative stated that Henderson was refusing to verify his address. Henderson hung up the phone.

12. On or about October 16, 2010, a representative of the Defendant called the Plaintiff's home phone number. The representative left a message with Henderson's roommate's mother, Ms. Eloise Woods requesting she have Henderson call the Defendant back.

13. On or about October 21, 2010, a representative of the Defendant called the Plaintiff's place of employment at approximately 10:00 p.m. The representative spoke with the Henderson's manager, Mr. Aaron Wolfe. The representative requested to speak with Henderson. Mr. Wolfe stated that Henderson was not working and asked who the call was from. The representative requested the work hours of Henderson. Mr. Wolfe again asked who the call was from. The representative stated the call was from I.C. System. Mr. Wolfe ended the phone call. Mr. Wolfe expressed to Henderson that he had received two previous calls from I.C. System within a week prior to the call on October 21.

14. On or about October 22, 2010, a representative of the Defendant, "Fatima," contacted the Plaintiff's place of employment. Mr. Wolfe answered the phone and handed the phone to Henderson. The representative stated the call was from I.C. System and asked Henderson to verify his address. Henderson went back and forth with the representative stating that he has told the Defendant on several occasions that he does not feel comfortable verifying his address without knowing what the call was in regard to. Henderson further stated that he had told the representative on several occasions that he was not authorized to receive calls at work. The representative refused to state what the call was in regard to. Henderson hung up the phone.

15. As a result of the above-referenced communications and actions of the Defendant, the Plaintiff has experienced the following damages including, but not limited to: embarrassment, humiliation, frustration, anger, stress, fear, loss of sleep and anxiety.

## V.   FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

16. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 15.

17. I.C. System, Inc. and its agents violated the FDCPA through the foregoing acts and omissions including, but not limited to:

    a. The Defendant violated 15 U.S.C. § 1692b(1)(3) by contacting the same third party on more than one occasion without a request to do so and by failing to state that the call was for the purpose of confirming the location or employment of the alleged debtor.

    b. The Defendant violated 15 U.S.C. § 1692c(b) by contacting the Plaintiff's place of employment or other third parties in connection with the collection of any debt, without the express permission of the Plaintiff.

    c. The Defendant violated 15 U.S.C. § 1692d(5) by engaging in behavior the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

    d. The Defendant violated 15 U.S.C. § 1692e(10) through the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

    e. The Defendant violated 15 U.S.C. § 1692e(11) by failing to state in the initial communications and communications subsequent that the communication is from a debt collector and any information will be used for that purpose.

    f. The Defendant violated 15 U.S.C. § 1692f through the use of unfair or unconscionable means to collect or attempt to collect a debt.

18. The Plaintiff is entitled to statutory damages up to $1,000.00 for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).

19. The Plaintiff is entitled to actual damages for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1).

20. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3).

## VI.   SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

21. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 20.

22. I.C. System, Inc. and its agents violated the IDCPA through the foregoing acts and omissions including, but not limited to:

   a. The Defendant violated Iowa Code § 537.7103(1)(f) by violating 15 U.S.C. §§ 1692b(1)(3); 1692c(b); 1692d(5); 1692e(10); 1692e(11); and 1692f.

   b. The Defendant violated Iowa Code § 537.7103(2)(d) by causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously or at unusual times or locations known to be inconvenient, with the intent to annoy, harass or threaten a person.

   c. The Defendant violated Iowa Code § 537.7103(3)(a) by communicating the alleged debtors employer for purposes other than to verify employment and more than once in a one month period.

   d. The Defendant violated Iowa Code § 537.7103(4)(b) by failing to state in the initial communications and communications subsequent that the communication is from a debt collector and any information will be used for that purpose.

23. The Plaintiff is entitled to statutory damages ranging from $100.00 to $1,000.00 for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

24. The Plaintiff is entitled to actual damages for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

25. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the IDCPA pursuant to § 537.5201(8).

WHEREFORE, the Plaintiff respectfully requests that judgment be entered against the Defendant, that the Plaintiff be awarded statutory damages, actual damages, the cost of this action along with reasonable attorney fees, and for such other relief as the Court deems appropriate in the circumstances.

VII.   JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

 /s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF